1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUCIANO DELGADO,

        Petitioner,

        v.

RON RACKLEY,

        Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

NO. CV 14-3221-JLS (AGR)


ORDER ACCEPTING FINDINGS
AND RECOMMENDATION OF
UNITED STATES MAGISTRATE
JUDGE

     Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge.  Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made.  The Court accepts the findings and recommendation of the Magistrate Judge except as stated below.

     Petitioner pled guilty to one count of second degree murder and one count of attempted murder on January 6, 1992.  (Petition at 2-3.)  Petitioner was apparently identified as a Little Hill gang member.  (Exh. G at 30-31 to Petition.)  Prior to the guilty plea, Sergeant Edmundson testified at the preliminary hearing that the gun in Petitioner's case was subsequently retrieved during execution of a

search warrant at the home of Mr. Navarro, another Little Hill gang member. (Exh. L at 15 to Petition.)  Petitioner attaches a report indicating that an expended bullet in case number 091-11447-1442-011 could have been fired from the Glock found at Mr. Navarro's home.  (Exh. F at 56 to Petition.)  Petitioner filed a motion for an evidentiary hearing to determine whether the case number 091-11447-1442-011 is the same as his case, 091-11447-1442-051.  (Dkt. No. 36.)

Petitioner's motion for an evidentiary hearing is DENIED.  It was undisputed at the preliminary hearing that the gun in Petitioner's case was subsequently found in Mr. Navarro's home.  Exhibit H to the Petition indicates that the file number to Petitioner's case was changed to 091-11447-1442-011 after the victim died and his case was to be handled by homicide detectives. (Exh. H at 2 to Petition.)

Petitioner's evidence falls far short of the showing required to establish actual innocence and overcome the statute of limitations.  Petitioner must persuade the court that "'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (citation omitted).  Petitioner has not met that standard.

The remaining objections are without merit.

IT THEREFORE IS ORDERED that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: February 29, 2016

_____
JOSEPHINE L. STATON
United States District Judge